JEANETTE FERRIS AND OTHERS v. VILLAGE OF INVER GROVE AND OTHERS.[1]

December 26, 1924.

No. 24,343.

**Injunction to restrain levy of assessment for construction of sidewalk denied.**
Under the facts stated in the opinion the plaintiff was not entitled to a mandatory injunction restraining the maintenance of a concrete sidewalk where located, nor to an injunction restraining the levy of assessments to pay for its construction.

Action in the district court for Dakota county to restrain defendant village from allowing the construction of a sidewalk otherwise than as ordered. The case was tried before Converse, J., who ordered that the action be dismissed. From an order, Schultz, J., denying their motion for a new trial, plaintiffs appealed. Affirmed.

*D. L. Grannis* and *K. D. Stalland,* for appellants.
*Lewis C. Shepley,* for respondents.

DIBELL, J.
Action for an injunction, mandatory in form, restraining the village of Inver Grove and its officers from permitting a sidewalk constructed in Concord street to be in any other place than on the lot or property line; and, in the event that such injunction be denied, that the defendants be restrained from levying assessments against the plaintiffs' property to pay for its construction. There were

[1]Reported in 201 N. W. 550.

findings for the defendants and the plaintiffs appeal from the order denying the motion for a new trial.

The abutting owners petitioned for a 5-foot concrete sidewalk placed along the "west side" of the street. The village council on January 3, 1923, ordered that such sidewalk be constructed along the "westerly side." The sidewalk was constructed, and on October 10, 1923, approved by the council over protest. On October 31, 1923, the council authorized the issuance of village orders in payment of the construction and transmitted a record of the proceedings to the county auditor for the levy of assessments.

The sidewalk was not laid up to the property line of the plaintiff. It varied along the plaintiff's frontage of 200 feet from two feet at one end to one foot and eight inches at the other. A paved highway traversed the street. The sidewalk on the property side was uniformly 31 feet from the center of this highway.

The proceedings were irregular and informal. The exact location of the sidewalk was not fixed in the petition or by the council. We do not construe the words "west side" or "westerly side" as meaning that the sidewalk should be constructed up to the property line, nor do we distinguish between "west" and "westerly" used in this connection. It is usual to place the sidewalk a little distance away from the property line.

In the petition for the improvement in which the plaintiff joined, the petitioners agreed to pay the assessment and to waive all questions of validity, jurisdictional or otherwise, as well as all right to damages. The work was completed as early as October, 1923. So far as appears a serviceable sidewalk was constructed. There was some complaint and protest, largely informal. There was a hearing by the village council at which protests were made. This action was commenced in December, 1923.

Perhaps it is unfortunate that the proceeding was so informal and that a definite location in accordance with plans and specifications was not adopted. But there is no ground for equitable relief. The plaintiff is not entitled to a mandatory injunction, resulting in a change of the location of the sidewalk, nor to an injunction restraining the levy of assessments.

Order affirmed.